**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America, ex rel.
Jorg Busse et al.

    v.                             Civil No. 10-cv-321-JL

United States of America, et al.

**O R D E R**

Before the court are motions, filed pro se by plaintiffs
Jorg Busse and Jennifer Franklin-Prescott, seeking relief
including disqualification of the undersigned Magistrate Judge,
an extension of time to serve the Complaint, an order declaring
venue in this court proper, and an order directing the FBI to
return items seized from plaintiffs in September 2010.  See
Mots. (doc. nos. 7, 8, 12, 17, 19, and 20).[1]  The underlying
claims in this case assert that certain federal, state, and

_____

[1] Also pending before the court is plaintiffs' "Motion for
Reconsideration" (doc. no. 16) objecting to my Order, issued
November 19, 2010, extending the time for service, and denying
further relief.  Plaintiffs' motion (doc. no. 16) appears
intended to seek reconsideration by the District Judge, pursuant
to 28 U.S.C. § 636(b)(1)(A) ("judge of the court may reconsider
any pretrial [nondispositive] matter . . . where it has been
shown that the magistrate judge's order is clearly erroneous or
contrary to law").  The Clerk's office shall take the steps
necessary to allow the District Judge to rule on that motion to
reconsider (doc. no. 16).

county officials, including judges in Florida, in conspiracy
with others, have engaged in corruption, extortion, and other
offenses in Florida, including unauthorized entry and a forced
sale of plaintiffs' land along the Gulf Coast.  Busse and
Franklin-Prescott have filed suit here on their own behalf, and
on behalf of the United States and the State of Florida,
asserting claims arising under the Racketeer Influenced and
Corrupt Organizations Act ("RICO"), federal civil rights laws,
the Due Process Clause, the Florida Constitution, and other
authorities.

## Background

A.   FBI Seizure of Plaintiffs' Records and Equipment

In a series of motions filed since November 18, 2010,
plaintiffs have asserted that the FBI, on September 9, 2010,
seized items essential to plaintiffs' successful litigation of
this action (including computers, records, and litigation
files), during the execution of a warrant issued by the Middle
District of Florida.  Plaintiffs also assert that the FBI raid
is further evidence of government corruption.  See, e.g., Plfs.'
Mot. for Judicial Notice (doc. nos. 7 & 8), at 2.

B.    Status of Litigation

Plaintiffs filed this action on July 29, 2010, and paid the filing fee.  The Clerk's office issued summonses to plaintiffs by mail on or before August 4, 2010, approximately 35 days prior to the FBI raid.  See Doc. Nos. 2-4 (summonses issued). Plaintiffs have asserted that they have been unable to serve the complaint as a result of the FBI raid, and the court has extended the time for service twice.  See Endorsed Order (Nov. 19, 2010) (granting 30-day extension); Order (doc. no. 15) (granting 90 days extension).  Plaintiffs filed an objection (doc. no. 16) to the court's November 19, 2010, Order, as noted above in footnote 1.  Most recently, on December 13, 2010, the court further extended the deadline for service until March 14, 2011, and directed the Clerk to provide blank summonses and waiver forms for plaintiffs to complete and return to the court to effect service.  See Order (doc. no. 15) (Dec. 13, 2010). The court notified plaintiffs at that time that failure to serve within the requisite time would be grounds for dismissal of any defendant not served, without prejudice.  See id.

Maintaining that they cannot serve defendants so long as they lack a copy of the Complaint and the FBI retains their

3

litigation files and equipment, plaintiffs have filed additional
motions, including their motion demanding that the FBI return
their files (doc. no. 17); a motion for additional time to
effect service (doc. no. 19); and a motion to disqualify the
Magistrate Judge (doc. no. 20).  Similar relief as to the FBI
raid is sought in the remaining pending motions (doc. nos. 7, 8,
and 12).  Plaintiffs have additionally asserted that they have
been "in the Pacific" since 2010, and that they are currently
"unavailable," due to the February 2011 New Zealand earthquake
and the presence of family, friends, and property "in the
Pacific."  Mot. to Disqualify (doc. no. 20).

## Discussion

I.   Motion to Disqualify

28 U.S.C. § 455 governs the recusal of federal judges,
justices, and magistrate judges.  Disqualification is mandatory
if the judge's "impartiality might reasonably be questioned."
Id. § 455(a).  The statute forbids not only actual partiality
but also the "'objective appearance'" of partiality.  United
States v. Pulido, 566 F.3d 52, 63 (1st Cir. 2009) (citations
omitted), cert. denied, ___ U.S. ___, 131 S. Ct. 632 (2010).

4

To avoid unnecessary delays and a waste of judicial resources, unnecessary recusals are to be avoided.  United States v. Snyder, 235 F.3d 42, 46 (1st Cir. 2000).  "Thus, under § 455(a) a judge has a duty to recuse himself if his impartiality can reasonably be questioned; but otherwise, he has a duty to sit."  Id. (footnote omitted).

Plaintiffs have asserted the following in contending that the undersigned Magistrate Judge be disqualified:

1.   The Magistrate Judge directed the Clerk's office to provide plaintiffs only with summonses, and not with a copy of the Complaint, and did not order the FBI to return their litigation files, which, plaintiffs assert has effectively denied them access to materials that they need to prosecute this case and serve defendants.

2.   The Magistrate Judge has threatened to resolve this case based on plaintiffs' failure to serve defendants, which, plaintiffs contend, is akin to resolving the case on the basis of plaintiffs' inability to access litigation files seized by the FBI.

3.   The Magistrate Judge had not, as of March 14, 2011, ruled on plaintiff's December 2010 motion for further extension of time to serve defendants.

4.   The Magistrate Judge expressed a bias in defendants' favor, in opining, while denying in part a motion for relief from an FBI seizure, that this court is not a proper venue for challenging a search warrant executed in the Middle District of Florida.

5.   The Magistrate Judge "knew" certain facts asserted by plaintiffs, including evidence or case files that

plaintiffs assert demonstrate public corruption, extortion, and retaliation, and yet failed to grant all the relief requested by plaintiffs in their motions.

None of the grounds asserted by plaintiffs suggest that the Magistrate Judge's disqualification from this case is necessary or appropriate.  There is no basis on which the court's impartiality might reasonably be questioned, and no other applicable basis for the Magistrate Judge's disqualification. See 28 U.S.C. § 455.

As to the December 2010 Order directing plaintiffs to serve their Complaint, at the risk of dismissal without prejudice, the Order (doc. no. 15) only repeated what Fed. R. Civ. P. 4(m) generally requires, that is, service of process upon defendants within the requisite time.  Extensions of that deadline may be granted for good cause shown, and the court previously extended the deadline until March 14, 2011, based on plaintiffs' motion seeking relief due to the FBI raid.  The court also directed the Clerk to provide new summonses for plaintiffs to complete and return for reissuance, so that plaintiffs might effect service during that time frame.  The court did not further order that a copy of the 400+ page Complaint be sent to them, largely because plaintiffs never asked to receive a copy from the Clerk's

6

office.  The court also notes that the Complaint (doc. no. 1) is
a public record, available for plaintiffs to photocopy and serve
as necessary.

Having granted plaintiffs a 90-day extension of the
deadline for service, the court thereafter declined to rule on
plaintiffs' further requests for an extension of time, to
provide plaintiffs with an opportunity to comply with the
service deadline before determining if a further extension would
be warranted.  Thus, neither the order directing service of the
Complaint at the risk of dismissal, nor the decision to provide
them with summonses, nor the timing of the court's consideration
of any further motions constitutes a basis for finding actual
partiality, or an objective appearance of partiality.

Opinions formed by judges based on facts introduced in the
course of current proceedings "'do not constitute a basis for a
bias or partiality motion unless they display a deep-seated
favoritism or antagonism that would make fair judgment
impossible.'"  Pulido, 566 F.3d at 64 (quoting Liteky v. United
States, 510 U.S. 540, 555 (1994)).  Put another way, the
parties' disagreement with the reasoning or effect of the
court's ruling, without more, does not constitute bias.

Plaintiffs' assertion that the Magistrate Judge has demonstrated bias by opining about venue is not a ground for recusal.  Specifically, plaintiffs challenge the Magistrate Judge's assertion that the District of New Hampshire is not the proper venue to challenge a search warrant issued by and executed in the Middle District of Florida.  That opinion was expressed in ruling on plaintiffs' request for an extension and other relief, based on the FBI seizure.  As the claims asserted in the Complaint did not involve any issue relating to that search warrant prior to plaintiffs' assertion that the seizure was further proof of their claims, my opinion regarding venue for challenging the search warrant was not intended to affect any claim asserted in the case.  It is beyond cavil that the statement regarding the likelihood of appropriate venue in the District of New Hampshire was not a final determination on the defense of improper venue, which the as-yet unserved defendants have not had any opportunity to assert.  Therefore, the statement at issue cannot reasonably be construed as a basis for disqualification.

Plaintiffs' bald assertion that the Magistrate Judge "knew" certain facts about their claims, but failed to issue rulings as

requested, is similarly no basis for disqualification.  The
court's role at this preliminary stage of the case, without
defendants before me, is generally limited to conducting a
preliminary screening of the complaint, ruling on nondispositive
matters, taking steps to ensure proper case management, and
ensuring that the parties before me and those as yet unserved
are treated with respect and afforded due process by the court.
Issuing final rulings before defendants have been served would
violate those principles and yield injustice.

       The decisions issued in this case have been entirely
proper, providing no basis for questioning the Magistrate
Judge's motives or reasonably challenging the court's appearance
of impartiality.  The fact that plaintiffs disagree with those
decisions, however ardently, does not form any proper basis for
disqualification.  Therefore, the motion to disqualify is
DENIED.

II.  Motions re: FBI's Return of Files

       Plaintiffs have asserted in motions requesting that the FBI
return their files (doc. nos. 7, 8, 12, 17, and 19) that the
FBI's seizure and retention of their equipment, records, and

litigation files prevents them from prosecuting their claims and complying with the deadline for serving the Complaint.  To effect service, however, plaintiffs do not need access to computers or "litigation files."  They need a complaint and a summons.  The Complaint (doc. no. 1) is a public record available in the Clerk's office.  It has been available for plaintiffs to copy since July 29, 2010.  Plaintiffs have not demonstrated that they have taken any steps to effect service either before or after the Clerk's office sent plaintiffs replacement summonses in December 2010.

The court notes that plaintiffs have appended to the Complaint and motions filed here certain documents pertinent to their claims.  While it may be difficult to litigate a case without certain files, the discovery process is designed to yield pertinent evidence.  Moreover, plaintiffs have asserted that the public dockets of courts where they have litigated in the past contain the evidence necessary to prove their case. Such materials remain accessible to them either as discoverable material, or as public records that can be obtained and used as appropriate in this case.

In motions filed in March 2011, plaintiffs have asserted that they have been "in the Pacific" since 2010, and that they are currently "unavailable."  They have provided the court with a mailing address in New Zealand, and have asserted that their unavailability is due to the February 2011 New Zealand earthquake, and the presence of family, friends, and interests "in the Pacific."  These assertions suggest that it may be difficult for them to obtain documents on file in this court in Concord, New Hampshire.  The Clerk's office is accordingly directed to provide plaintiffs with a copy of the Complaint, with the reasonable cost of making that copy charged to plaintiffs.

Plaintiffs' motions (7, 8, 12, 17 and 19) are GRANTED IN PART, to the extent that plaintiffs shall be sent a copy of the Complaint and shall have 60 days from the date of this order to effect service of the summons and the Complaint.  Failure to effect service as directed may result in dismissal of this action as to any defendant not served.  To the extent that further relief is requested, the motions are DENIED.

III. <u>Subject Matter Jurisdiction</u>

Without expressing any ruling on whether plaintiffs have stated any viable claim for relief in this action, or whether any defendant is immune from the relief sought, the court finds that there is a basis for subject matter jurisdiction.  <u>See</u> Local Rule of the United States District Court, District of New Hampshire ("LR") 4.3(d)(1)(A).  Plaintiffs have asserted that certain government officials have violated their rights under the Federal Constitution and under federal laws.  They have thereby invoked this court's subject matter jurisdiction, pursuant to 28 U.S.C. § 1331.

IV. <u>Plaintiffs' Inability to Represent Others</u>

Plaintiffs have also asserted that they are appearing in this case on their own behalf and as private attorneys general, representing the rights of all citizens of Florida and the United States.  As a preliminary matter, the court must rule on the propriety of their appearance in a representative capacity, without counsel.  <u>See</u> <u>Guest v. Hansen</u>, 603 F.3d 15, 20 (2d Cir. 2010) (courts may consider sua sponte whether parties without counsel may represent others in federal court).

Pursuant to federal law and this court's local rules, parties to a federal lawsuit cannot be represented by anyone other than themselves or a member of the bar.  See 28 U.S.C. § 1654 (parties can plead and conduct "their own cases" in federal court); see also LR 83.2(d) ("Persons who are not members of the bar . . . will be allowed to appear before this court only on their own behalf.").  "It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities.  Consequently, in an action brought by a pro se litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced.'" Simon v. Hartford Life Ins. Co., 546 F.3d 661, 665 (9th Cir. 2008) (citations omitted).  "This rule exists to serve not only 'the interests of the represented party'" at risk of inadvertently waiving an issue for lack of training in the esoterica of the law, "but also 'the interests of the adversaries and the court,' because the entire judicial system benefits from the professional knowledge of practicing attorneys" and from their discharge of professional ethical and legal responsibilities. See Guest, 603 F.3d at 20 (internal citations omitted).

13

Plaintiffs' assertion that they are appearing in the nature of relators as to the United States does not advance their cause; the qui tam procedure applicable for false claims provides no basis for their appearance in this case on behalf of the United States.  See Stoner v. Santa Clara Cnty. Dep't of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007) (relators in qui tam actions must appear by counsel).  Plaintiffs point to no other proper basis for appearing without an attorney on behalf of claims that may be asserted by citizens of Florida and the United States.  Therefore, if plaintiffs seek to maintain claims on behalf of the United States and Florida, they must notify the Court within 60 days that they have obtained counsel for those claims, and counsel must file an appearance within that time.

## Conclusion

The motion to disqualify (doc. no. 20) is DENIED.  The motions seeking relief including the FBI's return of their litigation files (doc. nos. 7, 8, 12, 17, and 19) are GRANTED IN PART, to the extent that the Clerk's office shall provide plaintiffs with a copy of the Complaint, and plaintiffs shall have 60 days from the date of this order to effect service upon

14

defendants.  The motions (doc. nos. 7, 8, 12, 17, and 19) are DENIED in all other respects.

Plaintiffs are ORDERED to obtain counsel within 60 days of the date of this order, and counsel shall file an appearance within that time frame, if plaintiffs intend to pursue claims on behalf of the United States and Florida.  Counsel's failure to file an appearance, as directed, will result in a recommendation that the court dismiss all claims asserted on behalf of the United States and Florida.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: March 18, 2011

cc:  Jorg Busse, pro se
     Jennifer Franklin-Prescott, pro se

LBM:nmd