UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>United States of America, ex rel.
Jorg Busse et al.</u>

    v.                                                Civil No. 10-cv-321-JL

<u>United States of America, et al.</u>

**<u>REPORT AND RECOMMENDATION</u>**

Before the court is the complaint (doc. no. 1), filed pro se by plaintiffs Jorg Busse and Jennifer Franklin-Prescott, asserting that certain government officials, in conspiracy with others, including judges in Florida, have engaged in corruption, extortion, and other offenses in Florida.  Busse and Franklin-Prescott have filed suit here on their own behalf, and on behalf of the United States and the State of Florida.

**Discussion**

I.   <u>Failure to File Counsel's Appearance on Relator Claims</u>

In an Order issued March 18, 2011 (doc. no. 21), the court directed plaintiffs to obtain counsel and to have counsel file an appearance within 60 days, if they intended to pursue claims on behalf of others as relators.  The court cautioned plaintiffs that counsel's failure to file an appearance within 60 days

would result in a recommendation that the court dismiss all claims asserted on behalf of the United States and Florida.  See Order at 12-14 (doc. no. 21) (Mar. 18, 2011) (citing Stoner v. Santa Clara Cnty. Dep't of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007) (relators in qui tam action must appear by counsel)).

Plaintiffs have failed to file an appearance of counsel within the requisite time.  Accordingly, the court should dismiss the claims filed by plaintiffs on behalf of the United States and Florida, without prejudice to their assertion in an action filed by counsel.

## II.  Failure to Prosecute

Plaintiffs previously asserted in this case that they had failed to effect service within 120 days of filing this action because FBI agents raided their property and seized items, including their files and computers, in September 2010.  The court directed the clerk's office in December 2010 to mail blank copies of the summons forms for plaintiffs to complete and return for issuance, to replace those allegedly seized by the FBI.  See Order (doc. no. 15) (Dec. 13, 2010).  Plaintiffs did not return the summonses to the clerk's office for issuance.

Additionally, in March 2010, the court directed the clerk's office to copy the 400-plus page complaint for plaintiffs, to

replace the complaint allegedly seized by the FBI, see Order (doc. no. 21). On March 18, 2010, the clerk's office mailed to plaintiffs an invoice requesting payment of the copy charge, before the complaint would be mailed to them. When plaintiffs failed to respond to the first invoice, the clerk's office, on June 6, 2010, sent plaintiffs a copy of the complaint, along with a second invoice. Plaintiffs have neither paid the copy charge, nor demonstrated that they are attempting to serve the complaint.

The court's March 18, 2011, order warned plaintiffs that their failure to effect service within 60 days "may result in dismissal of their claims as to any defendant not served." Plaintiffs have failed, since December 2010, to return the summonses for the clerk's issuance, and have failed to effect service of the complaint within the requisite time period.

Insofar as plaintiffs have been duly warned, have failed to effect service, have failed to show good cause for that failure, and have failed to show good cause for obtaining additional time to effect service, all claims in this action should be dismissed without prejudice against all defendants. See Fed. R. Civ. P. 4(m) (court must dismiss action against defendant who has not

been served within requisite time, if plaintiff who has received notice fails to show good cause for failure to serve).

## Conclusion

All claims asserted in the complaint (doc. no. 1) should be dismissed without prejudice. Any objection to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya McCafferty
United States Magistrate Judge

August 8, 2011

cc:  Jorg Busse, pro se
     Jennifer Franklin-Prescott, pro se

LBM:nmd