**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


United States of America, ex rel.
Jorg Busse et al.

    v.                                                    Civil No. 10-cv-321-JL

United States of America et al.


**O R D E R**


    One week after recommending that the action be dismissed
without prejudice as to all defendants due to plaintiffs'
failure to effect service of the complaint, see Report and
Recommendation (doc. no. 22) (August 8, 2011), the court
received notice that the New Zealand Post, on August 15, 2011,
returned as undeliverable a package sent by this court to the
New Zealand address on file for plaintiffs.  Plaintiffs have
failed to provide this court with any other address at which
they might be reached.  The package sent to plaintiffs on June
6, 2011, contained a copy of the complaint which the clerk's
office had prepared for plaintiffs at this court's direction in
March 2011, along with an invoice requesting payment of the copy
charges.

    Plaintiffs have a duty to provide this court with notice of
any change of address.  See United States District Court,

District of New Hampshire Local Rule 83.6(e) (attorneys and pro se parties are under continuing duty to notify clerk's office of any change of address).  Here, plaintiffs have not updated their address since March 7, 2011, when this court docketed a New Zealand address for them.  <u>See</u> Notice (March 7, 2011) (doc. no. 18).

The court presumes that the March 18, 2011, Order (doc. no. 21), sent to that address was delivered, as it was not returned. That order directed the clerk's office to prepare a copy of the complaint for plaintiffs, ordered plaintiffs to effect service upon defendants within 60 days, and warned plaintiffs that their failure to serve would result in dismissal of this action, pursuant to Fed. R. Civ. P. 4(m).

As noted in the August 8 Report and Recommendation (doc. 22), plaintiffs' failure to complete and return for the clerk's issuance the new summons forms sent to them in December 2010, <u>see</u> Order (doc. no. 15) (directing clerk's office to send new summons forms to plaintiffs), and their failure to respond to the March 18, 2011, Order (doc. no. 21), both manifest a lack of any intent to effect service.  Plaintiffs have been warned a number of times concerning the consequences of failing to effect service without showing good cause for an extension.  <u>See, e.g.,</u>

Endorsed Order (Dec. 8, 2010 (denying motion to extend time

(doc. no. 6)); Order (Dec. 13, 2010) (granting extension of

time) (doc. no. 15); Order (doc. no. 21).  Their further failure

to update their address to receive mail in June 2011 does not

alter this court's recommendation that the action be dismissed

without prejudice at this time.  See Report and Recommendation

(doc. no. 22).

        SO ORDERED.

                                        _____
                                        Landya McCafferty
                                        United States Magistrate Judge


August 24, 2011

cc:  Jorg Busse
     Jennifer Franklin Prescott

LBM:nmd